IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JOHN KOWSKE,

                      ORDER

          Plaintiff,

                      11-cv-640-slc[1]

    v.

CITICORP AMERIQUEST and
EDWARD E. NIEHOFF,

         Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In this proposed civil action for monetary relief, plaintiff John Kowske contends that defendants Citicorp Ameriquest and Edward E. Niehoff violated 18 U.S.C. § 225 by "illegally foreclos[ing]" on plaintiff's house even though they did not own the mortgage on it. Plaintiff contends that the foreclosure destroyed his credit and has made it impossible for him to find employment as a financial advisor. He seeks $2 million for the destruction of his credit.

Plaintiff is proceeding under the in forma pauperis statute, 28 U.S.C. § 1915, and has made an initial partial payment. Because plaintiff is proceeding under the in forma pauperis statute, I must screen his proposed amended complaint and dismiss any claims that are

---

[1] For the purpose of issuing this order, I am assuming jurisdiction over the case.

1

legally frivolous, malicious, fail to state a claim upon which relief may be granted or ask for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915(e)(2)(B).

Plaintiff's complaint does not state a claim upon which relief may be granted. As an initial matter, 18 U.S.C. § 225 is a criminal statute. It may not be enforced by private citizens. Plaintiff may be attempting to bring a claim under the Fair Credit Reporting Act. Section 1681s-2(a) of that act imposes certain duties on entities that furnish information to credit reporting agencies. 15 U.S.C. § 1681s-2(a). Unfortunately for plaintiff, that provision does not create a private right of action for consumers. Rather, it must be "enforced exclusively . . . by the Federal agencies and officials and the State officials identified in section 1681s of this title." Id. See also Perry v. First National Bank, 459 F.3d 816, 822 (7th Cir. 2006) (Fair Credit Reporting Act "include[s] an exemption from private actions for failure to comply with 15 U.S.C. § 1681s-2(a)).

Finally, if plaintiff is attempting to challenge or appeal the underlying foreclosure action under state law, this is something that should have been raised in the court in which the foreclosure took place.

ORDER

2

IT IS ORDERED that plaintiff John Kowske's complaint against defendants Citicorp Ameriquest and Edward E. Niehoff is DISMISSED for failure to state a claim upon which relief may be granted. The clerk of court is directed to enter judgment for defendants and close this case.

Entered this 2d day of November, 2011.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge